## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 3:09cv00105 |
| Plaintiff, | ) ) ) | COMPLAINT |
| v. | ) ) | |
| GOLDEN STATE MUTUAL LIFE INSURANCE COMPANY, | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis retaliation, and to provide appropriate relief to William Barringer who was adversely affected by such practices. As more fully described below, Plaintiff Equal Employment Opportunity Commission alleges that Defendant Golden State Mutual Life Insurance Company discharged Barringer in retaliation for opposing a practice which he reasonably believed was a violation of Title VII and for otherwise engaging in protected activity.

JURISDICTION AND VENUE

1.       Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina, Charlotte Division.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Golden State Mutual Life Insurance Company ("Defendant") has been a California corporation licensed to do business by the North Carolina Department of Insurance.

5.      At all relevant times, Defendant has been doing business in the state of North Carolina and the city of Charlotte, and has continuously had at least 15 employees.

6.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, William Barringer filed a charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.       Around January 30, 2007, Defendant engaged in an unlawful employment practice at its facility located in Charlotte, North Carolina, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by demoting William Barringer from the position of Associate

2

Sales Manager to a sales associate position in retaliation for opposing a practice which he reasonably believed was a violation of Title VII and for otherwise engaging in protected activity. Specifically, in late December 2006, Barringer received a complaint from a female employee he supervised that she was being subjected to sexual harassment. On December 27, 2006, Barringer reported the sexual harassment complaint to Defendant's Vice President and Agency Director. Around December 28, 2006, Barringer informed the alleged harasser, who was Barringer's supervisor, that he had reported the sexual harassment complaint to Defendant's Vice President and Agency Director.

On January 29, 2007, Barringer was told by his supervisor that he was discharged effective February 1, 2007. On January 30, 2007, Defendant contacted Barringer and informed Barringer that he had not been terminated but that he had been demoted to a sales associate position. Defendant further informed Barringer that he would be paid as a sales associate. On February 5, 2007, Defendant confirmed in writing that it had demoted Barringer to the position of sales associate effective February 1, 2007. Defendant demoted Barringer because he reported the sexual harassment, thereby opposing a practice which he reasonably believed was a violation of Title VII and for otherwise engaging in protected activity.

9.     The effect of the practice complained of in paragraph 8 has been to deprive William Barringer of equal employment opportunities and otherwise affect his status as an employee because he engaged in activity protected by Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

10.     The unlawful employment practice complained of in paragraph 8 was intentional.

11.     The unlawful employment practice complained of in paragraph 8 was done with malice or with reckless indifference to the federally protected rights of William Barringer.

3

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation against employees based on their opposition to unlawful employment practices or employment practices which the employee reasonably believes to be declared unlawful by any statute enforced by the Commission.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who engage in protected activity under any statute enforced by the Commission and for employees who oppose employment practices which the employee reasonably believes to be unlawful under any statute enforced by the Commission.

C.     Order Defendant to make whole William Barringer by providing compensation for pecuniary losses resulting from the unlawful employment practice described in paragraph 8 above, in amounts to be determined at trial.

D.     Order Defendant to make whole William Barringer by providing compensation for non-pecuniary losses resulting from the unlawful practice complained of in paragraph 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights in amounts to be determined at trial.

E.     Order Defendant to pay William Barringer punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

F.     Grant such further relief as the Court deems necessary and proper in the public interest.

4

G.     Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

This the 16th day of March, 2009.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.W.
Washington, D.C.  20507

  s/ Lynette A. Barnes
LYNETTE A. BARNES (NC Bar 19732)
Regional Attorney
E-mail: lynette.barnes@eeoc.gov

TINA BURNSIDE (WI Bar 1026965)
Supervisory Trial Attorney
E-mail: tina.burnside@eeoc.gov

  s/ Kara Gibbon Haden
KARA GIBBON HADEN (NC Bar 26192)
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone:  (704) 344-6887
Facsimile:   (704) 344-6780
Email: kara.haden@eeoc.gov

5