FILED
CHARLOTTE, NC
APR 22 2010
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, </br></br>Plaintiff,</br></br>v.</br></br>GOLDEN STATE MUTUAL LIFE INSURANCE COMPANY,</br></br>Defendant. | CIVIL ACTION 3:09cv105 </br></br></br></br>CONSENT DECREE |

The United States Equal Employment Opportunity Commission (the "EEOC") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The EEOC's complaint alleged that Defendant Golden State Mutual Life Insurance Company ("Defendant") discriminated against William Barringer by demoting Mr. Barringer in retaliation for opposing a practice which he reasonably believed was a violation of Title VII and for otherwise engaging in protected activity.

The EEOC and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The State of California has placed Defendant in conservatorship and has appointed a Conservator to conduct the business of Defendant as he may deem appropriate pursuant to the Insurance Code of the State of California (California Insurance Code § 1011 and 1037(a)). Accordingly, the parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 13 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate or retaliate against any person because of their opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

2. Defendant shall pay William Barringer the sum of $30,000 in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to William Barringer. Payment shall be made within ten (10) days after the Court approves this Consent Decree. The EEOC shall submit this settlement to the Court for approval only after the Los Angeles Superior Court overseeing the conservation of Defendant has approved this settlement, as described below in Section 11. Defendant shall mail the check to Mr. Barringer at an address provided by the EEOC. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Mr. Barringer.

3. Defendant agrees to provide a positive letter of reference, on company letterhead, for William Barringer, in the form set forth on Attachment A hereto. In addition, if Defendant receives any inquiries regarding the employment of Mr. Barringer, in lieu of an oral response,

Defendant shall provide a copy of the aforementioned letter.

4. Within thirty (30) days of the entry of this Decree by the Court, Defendant shall redistribute a copy of its written anti-discrimination policy to each of its employees. Within forty-five (45) days of the entry of this Decree, Defendant shall certify to the EEOC that said policy has been redistributed in compliance with this paragraph.

5. Within thirty (30) days of the entry of this decree by the Court and throughout the term of this Decree, Defendant shall post a copy of the policy described in paragraph 4 above, in all of its facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within forty-five (45) days of the entry of this decree, Defendant shall certify to the EEOC that said policy has been posted in compliance with this paragraph.

6. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Attachment B and made a part of this Decree, in a place where it is visible to employees at each of its facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the EEOC that the Notice has been posted pursuant to this provision.

7. The EEOC may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's facilities, interview Defendant's employees, and examine and copy documents.

8. If at anytime during the term of this Decree, the EEOC believes that Defendant is in violation of the Decree, the EEOC shall give notice of the alleged violation to Defendant.

Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the EEOC exercises any remedy provided by law.

9. The term of this Decree shall be for one (1) year from its entry by the Court.

10. All reports or other documents sent to the EEOC by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

11. Within fifteen (15) days of both Plaintiff and Defendant signing this Decree, Defendant shall submit to the Los Angeles Superior Court overseeing the conservation of Defendant an application seeking a court order approving this Decree and authorizing Defendant to agree to entry of this Decree in federal district court, and authorizing Defendant to make the $30,000 payment described herein. It is anticipated that a court hearing on said application will take approximately 45 to 60 days. This Decree is null and void and of no effect, regardless of whether it is signed by Defendant, if the Los Angeles Superior Court overseeing the conservation of Defendant does not approve the Decree.

12. Each party shall bear its own costs and attorneys' fees.

13. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The Decree shall expire by its own terms at the end of one (1) year without further action by the parties.

22 April 2010
DATE

Graham C. Mullen
Judge, US District Court for the
Western District of North Carolina

The parties jointly request that the Court enter and approve this Consent Decree.

This the 20th day of April, 2010.

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff | GOLDEN STATE MUTUAL LIFE INSURANCE COMPANY, Defendant |
| JAMES L. LEE<br>Deputy General Counsel | s/James E. Hairston, Jr.<br>JAMES E. HAIRSTON, JR. (NC Bar 19687)<br>ANTHONY M. BRANNAON (NC Bar 30089)<br>HAIRSTON LANE BRANNON, PLLC<br>107 Fayetteville Street Mall, Suite 200<br>Raleigh, North Carolina<br>Telephone: (919) 838-5295<br>Facsimile: (919) 838-5299<br>Email: jhairston@hlbnclaw.com<br><br>ATTORNEYS FOR DEFENDANT |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | |
| LYNETTE A. BARNES (NC Bar 19732)<br>Regional Attorney | |
| TRACY HUDSON SPICER (MD Bar 08671)<br>Supervisory Trial Attorney | |
| s/Edward O'Farrell Loughlin<br>EDWARD O'FARRELL LOUGHLIN<br>(Virginia Bar 70182)<br>Trial Attorney<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>131 M Street, NW, 4th Floor<br>Washington, DC 20507<br>Telephone: (202) 419-0748<br>Facsimile: (202) 419-0739<br>Email: edward.loughlin@eeoc.gov<br><br>ATTORNEYS FOR PLAINTIFF | |

**[Defendant's letterhead]**

Date


TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference for our former employee, William Barringer.

William Barringer was employed by Golden State Mutual Life Insurance Company as an Associate Sales Manager from September 16, 2006 to January 29, 2008.

Mr. Barringer was a reliable and valued employee of our company.


Sincerely,



Golden State Mutual Life Insurance Company

**ATTACHMENT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN STATE MUTUAL LIFE<br>INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 3:09cv105<br><br><br>**EMPLOYEE<br>NOTICE** |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Golden State Mutual Life Insurance Company in a case of retaliatory demotion. Specifically, the EEOC alleged that Golden State Mutual demoted William Barringer in retaliation for opposing a practice which he reasonably believed was a violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and for otherwise engaging in protected activity, in violation of Title VII. As part of the settlement, Golden State Mutual agreed to pay monetary damages to Mr. Barringer and to take other actions set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC

3. Golden State Mutual will comply with such federal law in all respects. Furthermore, Golden State Mutual will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, NW, 4th Floor
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least one (1) year by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2011.

**ATTACHMENT B**

7